UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

YADER DEON PINEDA CAMPBELL,
Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY (D.H.S.), et al.,
Respondents.

Case No.: 3:26-cv-04978-RBM-JLB

**ORDER DENYING IN PART AND GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Yader Deon Pineda Campbell's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Court **DENIES in part** and **GRANTS in part** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Nicaragua, entered the United States on or about December 11, 2023 on a "D-1 Landing Permit," also known as a "crewmember visa," as a crewmember working aboard a cruise liner. (*See* Doc. 1-2 at 1; Doc. 9-2 at 5.) The crewmember visa authorized Petitioner to remain in the United States until January 9, 2024. (Doc. 1-2 at 1.) It appears that Petitioner deserted from the cruise liner on February 11, 2024, and has unlawfully remained in the United States since then. (*See* Doc. 9-2; Doc. 1 ¶ 8.) On December 27, 2024, Petitioner applied for asylum with United States

Citizenship and Immigration Services. (Doc. 9-2 at 4.) Petitioner was arrested by Immigration and Customs Enforcement ("ICE") in Florida on July 15, 2026, and was shortly thereafter transferred to Otay Mesa Detention Center. (Doc. 9-2 at 3; Doc. 1 ¶¶ 18–20.) Petitioner has not received a bond hearing and remains in asylum-only proceedings before the immigration court. (Doc. 1 ¶¶ 21–22; Doc. 9 at 2 (citing Doc. 9-4 at 2) (notice of September 24, 2026 immigration court hearing).)

Petitioner filed his Petition on August 24, 2026 in the Southern District of Florida. (Doc. 1.) The Honorable Raag Singhal found that jurisdiction was proper in the Southern District of California, and ordered the Petition transferred to this Court on August 31, 2026. (Docs. 4–5.) The Court set a briefing schedule shortly thereafter. (Doc. 7.) Respondents filed their Return on September 9, 2026. (Doc. 9.) Petitioner was authorized to file a reply on or before September 16, 2026, but did not file one.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his continued immigration detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 44–52.) Respondents assert that Petitioner "is lawfully detained pursuant to 8 U.S.C. § 1282(b)," but "defer[] to the Court on the appropriate resolution of this matter." (Doc. 9 at 2.)

/ / /

**A. Detention Under 8 U.S.C. § 1282(b)**

Section 1282(b) governs revocation of crewmember visas:

> Pursuant to regulations prescribed by the Attorney General, any immigration officer may, in his discretion, if he determines that [a noncitizen] is not a bona fide crewman, or does not intend to depart on the vessel or aircraft which brought him, revoke the conditional permit to land which was granted such crewman under the provisions of subsection (a)(1), take such crewman into custody, and require the master or commanding officer of the vessel or aircraft on which the crewman arrived to receive and detain him on board such vessel or aircraft, if practicable, and such crewman shall be removed from the United States at the expense of the transportation line which brought him to the United States. Until such [noncitizen] is so removed, any expenses of his detention shall be borne by such transportation company. Nothing in this section shall be construed to require the procedure prescribed in section 1229a of this title to cases falling within the provisions of this subsection.

8 U.S.C. § 1282(b).

"The reference to section 1229a, which provides that noncitizens are generally entitled to a hearing when subject to orders of removal, . . . suggests that Congress intended for section 1282(b) to exempt D-1 permit holders subject to removal from this procedural safeguard." *Hornof v. United States*, 2:19-cv-00198-JLD, 2023 WL 5627631, at *17 (D. Me. Aug. 31, 2023). The summary procedure set forth in § 1282(b) "represents a narrow exception to the [typical] deportation procedures." *Id.*; *see also Matter of Di Santillo*, 181 I&N Dec. 407, 410 (BIA 1983). Plaintiff, as a noncitizen who had his D-1 landing permit revoked, falls within that narrow exception. *See INS v. Stanisic*, 395 U.S. 62, 75–78 (1969) (holding that the implementing regulations of § 1282(b) apply to a noncitizen crewmember even *after* his vessel has departed the United States).

Under the relevant regulations, "[a] crewman who was granted landing privileges on or after April 1, 1997 [and] has not departed [the United States], shall be removed from the United States without a hearing, except as provided in § 208.2(c)(1) of this chapter." 8 C.F.R. § 252.2(b). Section 208.2(c)(1), in turn, provides a carveout for crewmen, like Petitioner, who file for asylum. Crewmen who apply for asylum are placed in "asylum-only" proceedings, where immigration courts are:

> limited to a determination of whether the [noncitizen] is eligible for asylum . . . and whether asylum shall be granted in the exercise of discretion . . . . During such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief.

8 C.F.R. § 208.2(c)(3)(i).

**B. Due Process**

The Court's research has unveiled only one other district court to have considered an analogous habeas petition on the merits.[1] *See Gyaltsen v. Maldonado*, 26-cv-3314 (BMC), 2026 WL 2137872 (E.D.N.Y. July 24, 2026). In *Gyaltsen*, the court found that, consistent with Second Circuit precedent regarding § 1226(c), a petitioner detained under § 1282(b) is entitled to a bond hearing if his immigration detention is unreasonably prolonged. *Id.* at *2–4 (discussing *Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024)). It is true that both § 1226(c) and § 1282(b) contain mandatory language. *See* § 1226(c) ("The Attorney General *shall take into custody* . . . .") (emphasis added); § 252.2(b) ("A crewman . . . *shall be removed from the United States* . . . .") (emphasis added). But whereas § 1226(c) is silent as to bond hearings, *see Reid v. Donelan*, 17 F.4th 1, 17 (1st. Cir. 2021) (Lipez, J, dissenting), section 252.2(b) states that the noncitizen shall be removed "*without a hearing*" except for asylum-only proceedings. The Court finds this distinction in the statutory language fatal to Petitioner's entitlement to a bond hearing or immediate release. Indeed, as the Supreme Court noted when considering a different question related to § 1282(b), a noncitizen whose crewmember visa has been revoked "receive[s] his due" when he is allowed to appear in immigration court for asylum-only proceedings. *Stanisic*,

[1] *See also Kombo v. Clark*, No. C08-1799-RSL, 2009 WL 1181257 (W.D. Wash. Apr. 30, 2009) (declining to reach the merits on exhaustion grounds); *Githinji v. Rokosky*, No. CV-26-02341-PHX-AMM (JZB), 2026 WL 2534640 (D. Ari. Aug. 10, 2026) (treating a noncitizen initially present on a crewmember visa as detained pursuant to 8 U.S.C. § 1226(a)), *report and recommendation adopted* 2026 WL 2532239 (D. Ari. Aug. 27, 2026).

395 U.S. at 72; *see also Bao Tai Nian v. Holder*, 683 F.3d 1227, 1228 (9th Cir. 2012) (If the petitioner is not entitled to any of the limited relief [available in asylum-only proceedings], he is removable *and there is no bar to his removal*.") (emphasis added).

Because Petitioner is subject to § 1282(b), and because his asylum-only proceedings are ongoing, his detention does not violate due process. Therefore, the Court **DENIES** the Petition to the extent it seeks a bond hearing or immediate release.

**C. Asylum-Only Proceedings**

However, Petitioner also represents that he "has received information from ICE indicating that the agency is obtaining documentation to arrange his deportation," allegedly before the conclusion of his asylum-only proceedings. (Doc. 1 ¶¶ 37, 43–47.) It is unclear from their Return whether Respondents intend to do so. (*Compare* Doc. 9 at 2 ("Petitioner's asylum-only proceedings remain pending.") *with id*. ("The revocation of respondents D-1 conditional landing permit and his removal from the United States . . . constituted an 'arrest and deportation' for purposes of 8 U.S.C. [sic] (a)(17) and, therefore, his deportability under 8 U.S.C. § 1231(a)(1).").)

The Court has found no authority, nor have Respondents proffered any, for the proposition that a noncitizen may be removed during the pendency of his asylum-only proceedings. *See Bao*, 683 F.3d at 1230 ("Thus, [Petitioner] is already removable pending only the result of his 'asylum-only' proceedings. *Once he is denied any relief*, [Petitioner] can be removed.") (emphasis added); *Barre v. LaRose*, Case No.: 26-CV-3088 JAO (VET), 2026 WL 1471898, at *2 (S.D. Cal. May 26, 2026) ("Since Petitioner's asylum-only proceedings remain pending, he is not subject to a final order of removal.") (citing *Nicusor-Remus v. Sessions*, 902 F.3d 895, 898–99 (9th Cir. 2018)). Therefore, to the extent that the Petition seeks to enjoin Petitioner's removal from the United States before the conclusion of his asylum-only proceedings, the Petition is **GRANTED**.

**D. Transfer to Florida**

Finally, Petitioner argues that he should be returned to an appropriate detention facility in Florida, where he was arrested, because his transfer to Otay Mesa Detention

Center has frustrated "[h]is ability to seek custody review." (Doc. 1 ¶ 38.) As explained above, Petitioner is not entitled to seek custody review. Therefore, the Petition is **DENIED without prejudice** to the extent it seeks Petitioner's transfer to a Florida detention center. Petitioner may file an amended Petition on or before **October 16, 2026** if he intends to argue that his transfer to Otay Mesa Detention Center has frustrated his ability to pursue asylum-only proceedings. If Petitioner files an amended Petition, the Court will issue a new briefing schedule.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED** to the extent it seeks immediate release or a bond hearing, and **DENIED without prejudice** to the extent it seeks Petitioner's transfer to a detention facility in Florida. The Petition is **GRANTED** to the extent it seeks to enjoin Petitioner's removal from the United States while his asylum-only proceedings are ongoing.

**IT IS SO ORDERED.**

DATE: September 24, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE